UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, Individually, and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) UNIVERTSITY HEALTH SYSTEMS, ) INC., d/b/a THE UNIVERSITY OF ) TENNESSEE MEDICAL CENTER, ) ) Defendant. ) | No.: 3:23-CV-357-KAC-DCP |

### ORDER DENYING RULE 62(a) MOTION

This matter is before the Court on Defendant's "Rule 62(a) Emergency Motion for Temporary Stay of Remand Order" [Doc. 37]. On February 22, 2024, after the Court granted Plaintiff's "Motion to Remand" [Doc. 27] and remanded this action to state court, [*see* Doc. 35], Defendant filed the instant Motion [Doc. 37]. Defendant asks the Court for a "30-day automatic stay of the Court's remand order" under Federal Rule of Civil Procedure 62(a) while Defendant "review[s] the Court's Order and" analyzes "its appellate options" [*Id.* at 4]. Plaintiff responded in opposition [Doc. 39] and Defendant replied [Doc. 42]. For the foregoing reasons, the Court denies Defendant's Rule 62(a) Motion.[1]

Rule 62(a) provides that the "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, **unless the court orders otherwise**." *See* Fed. R. Civ. P.

---

[1] Plaintiff's Response argues that Defendant's Motion is "properly construed as a Rule 59(e) motion" [Doc. 39 at 2]. Rule 59(e) permits the Court "to alter or amend a judgment." *See* Fed. R. Civ. P. 59(e). Even if Rule 59(e), not Rule 62(a), applied here, the motion would fail because Defendant has not shown "a clear error of law," "newly discovered evidence," "an intervening change in controlling law," or "a need to prevent manifest injustice." *See, e.g.*, *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 494-95 (6th Cir. 2018) (citation omitted).

62(a) (emphasis added). Rule 62(a) by its text "expressly recognize[s] the court's authority to extend an automatic stay as well as to ***dissolve it,*** by providing that the stay is automatic, ***unless the court orders otherwise***." *See* Charles A. Wright & Arthur R. Miller, 11 Fed. Prac. & Proc. Civ. § 1224 (3d ed. 2012) (quotation marks omitted) (emphasis added). Aside from Rule 62(a), traditional stay requests are "governed by four factors: [strong] likelihood of success on the merits, irreparable harm, the balance of harms, and the public interest." *See Doe 1 v. Thornbury*, 75 F.4th 655, 657 (6th Cir. 2023) (citation omitted); *see also Burwell v. Tipton Cnty. Election Comm'n*, No. 22-5867, 2022 WL 10225146, at *3 (6th Cir. Oct. 18, 2022) (citation omitted). "The first two factors . . . are the most critical." *Dodds v. U.S. Dep't of Educ.*, 845 F.3d 217, 221 (6th Cir. 2016) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Because stays are "intrusion[s] into the ordinary [judicial] processes," *see Dodds*, 845 F.3d at 220 (citation omitted), parties have no right or entitlement to one, s*ee Nken*, 556 U.S. at 433.

Here, Defendant's request for a stay fails for two independent reasons. As to Rule 62(a), the Court dissolved Rule 62(a)'s automatic stay in this action because the Court "order[ed] otherwise" by remanding this action to the state court, entering judgment, and directing the Clerk to mail a copy of the Court's Remand Order to the state court and close this case [*See* Doc. 35 at 6]. *See* Fed. R. Civ. P. 62(a). The Court is expressly authorized to do so. *See* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 1224. And because the Court cannot find lurking in Rule 62(a)'s text any hidden entitlement to a stay for a party to "consider whether to appeal," it is hard to see how denying a stay request in this context amounts to "manifest error" [*See* Doc. 42 at 2]. Considering the Court's authority to stay its Remand Order under traditional principles, Defendant has not shown that an "intrusion into the ordinary [judicial] process[]" is warranted. *See Dodds*, 845 F.3d at 220. ***First***, Defendant's minimal likelihood of success on the merits when the Court remanded

this action has only declined since. *Doe I v. UPMC*,[2] one of only two cases Defendant cited for the proposition that merely participating in a voluntary federal incentive program qualifies a private entity to utilize the Federal Officer removal statute has since been effectively overruled by the Third Circuit Court of Appeals. *See Mohr v. Tr. Of Univ. of Penn.*, 93 F.4th 100, 106 (3d Cir. 2024). The only other case Defendant cited[3] relied extensively on *Doe I*. **Second**, there is no irreparable harm because Defendant is not inhibited from appealing the Court's Remand Order. **Last**, the balance of harms and the public interest do not support a stay and Defendant makes no argument that they do.

Accordingly, the Court **DENIES** Defendant's "Rule 62(a) Emergency Motion for Temporary Stay of Remand Order" [Doc. 37].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

---

[2] No. 2:20-cv-359, 2020 WL 4381675 (W.D. Pa. July 31, 2020).
[3] *Doe v. Promedica Health Sys., Inc.*, No. 3:20 CV 1581, 2020 WL 7705627 (N.D. Ohio Oct. 30, 2020).

3